
Keith M. Lundin
U.S. Bankruptcy Judge
Dated: 8/21/2014



## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| CHARLES J. O'BRIEN | ) | 3:13-BK-05929-KL3-13 |
|    Debtor | ) | Chapter 13 |

| | | |
|---|---|---|
| CHRISTINE CALLAGHAN and | ) | |
| BRENDAN CALLAGHAN | ) | |
| -vs- | ) | Adv. No. 3:13-bk-90398 |
| CHARLES J. O'BRIEN | ) | |

### ORDER OF DISPOSITION BY CONSENT

This adversary proceeding concerns an allowed claim for $110,000.00 [Claim 6] in the underlying bankruptcy case by Christine and Brendan Callaghan ("Plaintiffs"), which is based upon a default judgment of the Chancery Court for Davidson County, Tennessee (Case No. 10-508-IV), which was styled *Christine Callaghan and Brendan Callaghan vs. Charles J. O'Brien, Jr.* **[the State Court Judgment].** In that action, Plaintiffs pleaded alternative causes of action and theories for relief, some of which are analogous to statutory grounds for nondischargeability before this Court and some that are not.

In this action, Plaintiffs have alleged that all or part of the State Court Judgment should be declared nondischargeable under 11 U. S. C. §523 (a)(2)(A) and/or (a)(4). Debtor has averred that some or all of the State Court Judgment should not be declared nondischargeable because the state court entered a general judgment rather than apportioning damages among the alternative causes of action and theories of relief. A genuine dispute has therefore existed among the parties. In order to fully and finally compromise and settle their dispute, Plaintiffs and Debtor, by and through their attorneys, have discussed and agreed upon the terms and conditions of this Order to fully and finally resolve this action.

It is therefore ORDERED, ADJUDGED and DECREED that:

1. Plaintiffs' claim [Claim 6] in the underlying Chapter 13 case is unsecured, and is not increased in amount or priority by this order. No other creditor will be adversely affected by this Order.

2. A component of the said claim, and the underlying state court judgment, is declared to be nondischargeable. For that reason, the claim shall be bifurcated for purposes of payment by the Trustee and treated as two separate claims, as follows:

    a) $36,667.00 of the claim, and of the underlying judgment, is declared to be damages proximately caused by Plaintiffs' reliance upon Debtor's misrepresentation that he held a contractor's license, when he did not, and thus nondischargeable under 11 U. S. C. §523(a)(2)(A). The claim shall be paid as an unsecured claim for $36,667.00 by the Trustee.

    The stay of 11 U. S. C. §362 shall terminate with the closing of this case, without the need for further orders, as to any portion of the nondischargeable $36,667.00

which is not paid by the Trustee, and statutory interest shall continue to accrue on this portion as otherwise provided by Tennessee law.

Notwithstanding termination of the stay, Plaintiffs shall not cause execution to issue from the Chancery Court for the collection of the portion of the nondischargeable $36,667.00 which is not paid by the Trustee, provided that Defendant pays at least 10% of the balance to them within 30 days of the termination of his Chapter 13 case, 3:13-BK-05929, and monthly installments thereafter of at least 10% of the first payment. Upon any failure or default of Debtor to make said payments, Plaintiffs may cause execution to issue from the Chancery Court in the normal manner and need not resort further to this Court.

b) $73,333.00 of the claim, and of the underlying judgment, is an allowed unsecured claim, payable as such by the Trustee and dischargeable if and when an order of discharge is entered.

3. This is a compromise of disputed issues, and does not constitute an admission of any matter by any party.

4. This order disposes of all issues among all parties, and is fully dispositive of this adversary proceeding.

APPROVED FOR ENTRY:

/s/ Daniel L. Wischhof

_____
Daniel L. Wischhof, Reg. No. 6655
725 Cool Springs Blvd., Ste. 600
P. O. Box 681416
Franklin, Tennessee 37068
615/791-6242
Facsimile 615/859-0705
wischhoflaw@comcast.net
Attorney for Debtor Defendant Charles J. O'Brien, Jr.

/s/ Robert J. Hill, II

_____

Robert J. Hill, II
The Hill Firm, PLLC
211 Donelson Pike, Ste. 208
Nashville, TN 37214
615-375-6598 / F: 615-815-1758
lawyerrobhill@gmail.com
Attorney for Plaintiffs Christine and Brendan Callaghan

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Case 3:13-ap-90398    Doc 26    Filed 08/22/14    Entered 08/22/14 07:56:36    Desc Main
Document      Page 4 of 4